**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Anner L Hines |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern  District of  IL (State) |
| Case number | 20-17917 |

## Official Form 410S1

# Notice of Mortgage Payment Change

12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount.  File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association, as Trustee of Chalet Series III Trust

**Court claim no.** (if known): 6

**Last 4 digits** of any number you use to identify the debtor's account: 9104 ____ ____ ____

**Date of payment change:**
Must be at least 21 days after date of this notice
03 / 01 / 2021

**New total payment:**
Principal, interest, and escrow, if any
$ 857.65

---

| Part 1: | Escrow Account Payment Adjustment |
|---|---|

1. **Will there be a change in the debtor's escrow account payment?**

   ☑ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change.  If a statement is not attached, explain why: _____
   _____

   Current escrow payment:  $ _____      New escrow payment:  $ _____

---

| Part 2: | Mortgage Payment Adjustment |
|---|---|

2. **Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

   ☐ No
   ☑ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____
   _____

   Current interest rate:  4.00 %      New interest rate:  4.375 %

   Current principal and interest payment: $ 521.90      New principal and interest payment: $ 547.60

---

| Part 3: | Other Payment Change |
|---|---|

3. **Will there be a change in the debtor's mortgage payment for a reason not listed above?**

   ☑ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (*Court approval may be required before the payment change can take effect.*)

   Reason for change: _____

   Current mortgage payment: $ _____      New mortgage payment: $ _____

---

| Debtor 1 | Anner L Hines | | | Case number *(if known)* | 20-17917 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| Part 4: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ /s/ Michelle Ghidotti

Signature

Date 01/29/2021

Print:  Michelle Ghidotti

First Name    Middle Name    Last Name

Title AUTHORIZED  AGENT

Company  Ghidotti Berger LLP.

Address  1920 Old Tustin Ave.

Number    Street

Santa Ana, CA 92705

City    State    ZIP Code

Contact phone  (949) 427 _ 2010

Email bknotifications@ghidottiberger.com

Home Affordable Modification Agreement
Servicer Copy 1

Investor Loan #

**After Recording Return To:**
**Bank of America, N.A.**
11802 Ridge Parkway, Ste 100 HRM
Broomfield, CO 80021

This document was prepared by Bank of America, N.A.

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I")[1]: ANNER HINES

Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and
Note ("Note"): January 11, 2006
Loan Number:
Property Address *(See Exhibit A for Legal Description if applicable)*
("Property"): 1852 South Springfield Avenue, Chicago, IL 60623
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material
respects, then this Home Affordable Modification Agreement ("Agreement") will, as set

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I". For
purposes of this document words signifying the singular (such as "I") shall include the plural (such
as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT -- Single Family -- Fannie
Mae/Freddie Mac UNIFORM INSTRUMENT**                                    **Form 3157**
**3/09 (rev. 8/09)** (page 1 of 12 pages)

forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. Either I have not been displaced and one of the borrowers signing this Agreement lives in the Property as a principal residence or lived in the Property as a principal residence immediately prior to being displaced; or I am currently displaced and (i) I intend to re-occupy the Property as a principal residence in the future, (ii) I do not own any single-family real estate other than the subject Property, and (iii) the Property has not been condemned.

   C. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** -- Single Family -- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                         **Form 3157**
**3/09 (rev. 8/09)** (page 2 of 12 pages)

F.  If Lender requires me to obtain credit counseling in connection with the
    Program, I will do so; and

G.  I have made or will make all payments required under a trial period plan.

2.  **Acknowledgements and Preconditions to Modification**. I understand and
    acknowledge that:

A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender
    determines that any of my representations in Section 1 are no longer true and
    correct or any covenant in Section 1 has not been performed, the Loan
    Documents will not be modified and this Agreement will terminate.  In that
    event, the Lender will have all of the rights and remedies provided by the Loan
    Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i)
    the Lender accepts this Agreement by signing and returning a copy of it to me,
    and (ii) the Modification Effective Date (as defined in Section 3) has occurred.
    I further understand and agree that the Lender will not be obligated or bound to
    make any modification of the Loan Documents if I fail to meet any one of the
    requirements under this Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be
    true in all material respects and all preconditions to the modification set forth in
    Section 2 have been met, the Loan Documents will automatically become modified
    on March 1, 2014 (the "Modification Effective Date") and all unpaid late charges
    that remain unpaid will be waived. I understand that if I have failed to make any
    payments as a precondition to this modification under a trial period plan, this
    modification will not take effect. The first modified payment will be due on March 1,
    2014.

A.  The Maturity Date will be: February 1, 2054.

B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $317,272.23 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C. $187,935.70 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $129,336.53. Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of February 1, 2014 and the first new monthly payment on the Interest Bearing Principal Balance will be due on March 1, 2014. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1-5 | 2.000% | February 1, 2014 | $391.66 | $481.26 May adjust periodically | $872.92 May adjust periodically | March 1, 2014 | 60 |
| 6 | 3.000% | February 1, 2019 | $455.02 | May adjust periodically | May adjust periodically | March 1, 2019 | 12 |
| 7 | 4.000% | February 1, 2020 | $521.90 | May adjust periodically | May adjust periodically | March 1, 2020 | 12 |
| 8-40 | 4.375% | February 1, 2021 | $547.60 | May adjust periodically | May adjust periodically | March 1, 2021 | 396 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT -- Single Family -- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                                    Form 3157
3/09 (rev. 8/09) (page 4 of 12 pages)

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3C.

F. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4. **Additional Agreements**. I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** -- Single Family -- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**      **Form 3157**
**3/09 (rev. 8/09)** (page 6 of 12 pages)

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I also agree to allow Lender to attach an Exhibit A to this loan modification which will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L.  That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

M.  That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N.  If the principal balance of my loan increased as a result of this modification, the mortgage insurance premiums, if any, on my loan may increase.   If my mortgage insurance premium increases, my monthly mortgage payment will be higher.  Furthermore, the date on which I may request cancelation of mortgage insurance may change as a result of the higher unpaid principal balance.

O.  If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit.   This means that I cannot obtain additional advances, and must make payments according to this Agreement.  (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

P.  BORROWERS PROTECTION PLAN    If I have a Loan with Borrowers Protection Plan® ("BPP") under my Loan Documents, then I understand and agree that, unless I notify Lender of my request to cancel BPP or my BPP has already been cancelled or terminated in accordance with its terms, my BPP will remain on my Loan, as modified in accordance with this Agreement, and will continue to be governed by the terms of my Borrowers Protection Plan Addendum, which is the contract containing the terms and conditions of BPP that I received at closing of my original Loan.

I understand that I may cancel BPP at any time by calling 1.866.554.2676. If I notify the Lender of my request to cancel BPP within sixty (60) days after the Modification Effective Date, I will receive a refund of any BPP fees I pay with respect to any period after the Modification Effective Date. I further understand that BPP on my Loan may have already been cancelled or terminated by its terms, such as if any monthly fee for BPP has remained unpaid 90 days after its due date.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** -- Single Family -- **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**                                    **Form 3157**
**3/09 (rev. 8/09)** (page 9 of 12 pages)

For purposes of my modified Loan, the "Monthly Payment" under the Borrowers Protection Plan Addendum will be the monthly payment of principal and/or interest as modified under this Agreement. With the exception of BPP benefits based on the outstanding balance of my Loan (if any), benefits under the BPP on my modified Loan will be calculated based on this new Monthly Payment amount, subject to the terms of the Borrowers Protection Plan Addendum.

For purposes of my modified Loan, the monthly fee for BPP, which is the monthly amount charged to me for BPP, will be recalculated based on the percentage set forth in my Borrowers Protection Plan Addendum (or Borrowers Protection Plan Confirmation Letter, as applicable). I understand that the monthly fee for BPP, as a percentage of my monthly payment of principal and/or interest as modified under this Agreement, may be higher if the monthly payment under my modified Loan is or becomes higher than the monthly payment that was due on my Loan prior to modification under this Agreement. The monthly fee for BPP will be payable at the same time and place as payments of principal and/or interest under my modified Loan. The "Protection Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP became effective, and the "Expiration Date" under the Borrowers Protection Plan Addendum, which is the date upon which my BPP will automatically expire, will not be changed by this Agreement. I will refer to my Borrowers Protection Plan Addendum for complete terms and conditions of my BPP.

If I have experienced a qualifying event that is eligible for benefits under BPP, I should contact Bank of America immediately by calling 1.866.317.5116.

Q. OPTIONAL PRODUCTS PURCHASED AFTER CLOSING   I understand and agree that any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment: (a) will remain in force so long as I add the amount due and owing to my Total Monthly Payment each month; and (b) will continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless (i) I notify the provider of the optional product of my request to cancel; or (ii) I fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the terms of the Governing Documents.   I understand that if I have questions regarding any optional product(s) I may have purchased, I should contact Bank of America by calling 1.800.641.5298.

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required, no
photocopies accepted)

*Anner Hines*

Anner Hines
(Must Be Signed Exactly As Printed)

2 - 3 -/4

Date

**Witness signature line** should specify that it is designated for a witness to sign
including a line designated for the witness' printed name

Witness Signature: _William S Hill_

Witness Printed Name: _WilliAM L HiLL JR_

Witness Date: _2 / 3 / 14_

_____[Space below this line for Acknowledgement]_____

STATE OF _ILLINOIS_

COUNTY OF _COOK_

On the _3rd_ day of _FEBRUARY_ in the year _2014_ before me, _DON BERGMANN_
Notary Public, personally appeared <u>Anner Hines</u>, personally known to me or proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument, the person(s), or entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_Don Berg_____ Notary Signature

"OFFICIAL SEAL"
DON BERGMANN
Notary Public, State of Illinois
My Commission Expires June 16, 2014
Commission No. 648628

_DON BERGMANN_ Notary Public Printed Name Please Seal Here

_JUNE 16, 2014_ Notary Public Commission Expiration Date

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** -- Single Family -- Fannie
**Mae/Freddie Mac UNIFORM INSTRUMENT** **Form 3157**
3/09 (rev. 8/09) (page 11 of 12 pages)

**DO NOT WRITE BELOW THIS LINE.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans
Servicing, LP
By: Urban Settlement Services, LLC, its attorney in fact

By: _____          Dated: _____

Name:
Title :

_____[Space below this line for Acknowledgement]_____

STATE OF _____
COUNTY OF _____

On ___ day of _____ in the year _____ before me, _____
Notary Public, personally appeared _____
personally known to me (or proved to me on the basis of satisfactory evidence) to be
the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ Notary Signature

_____ Notary Public Printed Name Please Seal Here

_____ Notary Public Commission Expiration Date

Signatures continue on the following page

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** -- Single Family -- **Fannie
Mae/Freddie Mac UNIFORM INSTRUMENT**                                    **Form 3157**
**3/09 (rev. 8/09)** (page 12 of 12 pages)

## **CERTIFICATE OF SERVICE**

On January 29, 2021, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
**Thomas G Stahulak**
tom@getfiled.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May

On January 29, 2021, I served the foregoing documents described as Notice of mortgage payment change on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

*Debtor*
**Anner L Hines**
1852 S Springfield Avenue
Chicago, IL 60623

*Trustee*
**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603

*U.S. Trustee*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Maben May
Maben May